```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-20966-MORENO
                                      (05-20791-Cr-MORENO)
                              MAGISTRATE JUDGE P. A. WHITE
ANGEL RAMOS,         :

     Movant,         :

v.                   :        REPORT OF
                              MAGISTRATE JUDGE
UNITED STATES OF AMERICA,  :

     Respondent.     :
_____
```

Introduction

This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255[1], attacking his sentence entered after he pled guilty to the charge of conspiracy to possess with intent to distribute five kilograms or more of cocaine and possession of a firearm in furtherance of a crime of violence and a drug trafficking crime in case no. 05-20791-Cr-Moreno.

The Court has reviewed the movant's motion (Cv-DE#1), the government's response with multiple exhibits (Cv-DE# 12), and all pertinent portions of the underlying criminal file.

Construing the movant's claims liberally as afforded *pro se* litigants, pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the movant appears to raise the following two claims:

  1.   The consecutive 60 month sentence for the

---

[1] The motion was originally filed pursuant to Rule 60(b). The movant was advised, pursuant to Castro v. United States, 540 U.S. 375 (2003), that the court would recharacterize this motion as a § 2255 motion to vacate. The movant responded that he had no objection to the recharacterization of his motion.

>    firearm offense is illegal as the court lacked authority to impose the sentence consecutive to the sentence on the drug trafficking crime.
>
> 2.  That 18 U.S.C. § 924(c) is so vague that it can be enforced in an arbitrary and discriminatory manner.

## Procedural History

The procedural history of the underlying criminal case reveals that the movant was charged by Superseding Indictment with: (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(A), and 846 (Count 1); attempt to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and 18 U.S.C. § 2 (Count 2); conspiracy to obstruct, delay, and affect commerce by robbery of cocaine from persons believed to be engaged in narcotics trafficking through actual and threatened force, in violation of 18 U.S.C. §§ 1951(a), (b)(1), and (b)(3) (Count 3); attempt to obstruct, delay, and affect commerce by robbery of cocaine from persons believed to be engaged in narcotics trafficking through actual and threatened force, in violation of 18 U.S.C. §§ 1951(a), (b)(1),(b)(3), and (2) (Count 4); carrying and possession of a firearm during and in relation to a crime of violence and drug trafficking crime, specifically Counts 1-4 of the Superseding Indictment, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count 5); and, being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 6). (CR-DE# 91).

On March 2, 2006, pursuant to a plea agreement, the Movant pled guilty to Counts 1 and 5 of the Superseding Indictment (CR-DE# 112, 113, 117). Therein, the Movant agreed that the sentence on

Count 5 had to be consecutive under the law. (CR-DE# 113). He also waived his right to appeal the sentence imposed unless it exceeded the statutory maximum or resulted from an upward departure or variance from the guideline range. At the change of plea hearing held on March 2, 2006, the Court explained that the sentence on Count 5 had to be a consecutive sentence of at least 5 years before it would accept the Movant's guilty plea. (CV-DE# 12-6).

Pursuant to the terms of the agreement, the movant acknowledged that the sentence would be imposed by the court after considering the advisory guideline sentence. The movant further acknowledged that the court may depart from the applicable advisory guideline range and impose a sentence that is either more or less severe than the guideline sentence. The movant agreed that the court was required to consider the advisory guideline sentence, but was not bound to impose such a sentence. Rather, the court was permitted to tailor the ultimate sentence in light of other statutory concerns, and that the court could ultimately impose a more severe or less severe sentence than the advisory guideline sentence.

The movant also acknowledged and understood that he faced a statutory minimum term of 20 years and up to a maximum of life in prison on Count 1 and a statutory minimum of 5 years on Count 5 with a maximum of life. The movant further understood that the sentence on Count 5 would be consecutive to the sentence on Count 1. The government agreed to recommend up to a three level reduction in the movant's base offense level based on his timely acceptance of responsibility. The government also reserved the right to make a motion pursuant to Section 5K1.1 of the Sentencing Guidelines depending on the nature and extent of the movant's cooperation.

On May 11, 2006, the Court sentenced the Movant, reiterating that the sentence imposed could not be less than 20 years on Count 1 with an additional consecutive 5 years on Count 5.(CV-DE#12-7, p. 7). The remaining counts charged against the Movant were dismissed. The original judgment contained a clerical error in that it reflected a sentence of 240 months' imprisonment on Count 1 and 60 months concurrent on Count 5 (CR-DE# 178). On May 19, 2006, the Court sua sponte issued an Amended Judgment correcting the error and reflecting a sentence of 240 months imprisonment on Count 1 followed by 60 months consecutive on Count 5; clarifying and emphasizing that the term of imprisonment for Count 5 was to be served consecutively (CR-DE# 193).

On August 1, 2006, the Government filed a Rule 35 motion requesting a reduction in the Movant's sentence based on his substantial assistance.(CR-DE# 242). On September 5, 2006 the Court granted the motion and issued an Amended Judgement reducing the Movant's sentence to 180 months to be served as 120 months on Count 1 and 60 months consecutive on Count 5 (CR-DE# 259; 271; 272.

No appeal was taken from this conviction and sentence.

Statute of Limitations

Pursuant to 28 U.S.C. §2255, as amended April 24, 1996, a one year period of limitations applies to motions filed under that section.  The one year period runs from the latest of:

> (1)  The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2)  The date on which the impediment to making a motion created by governmental

4

     action in violation of the Constitution
     or laws of the United States is removed,
     if the movant is prevented from filing by
     such governmental action;

 (3) The date on which the constitutional
    right asserted was initially recognized
    by the Supreme Court, if that right has
    been newly recognized by the Supreme
    Court and made retroactively applicable
    to cases on collateral review; or

 (4) The date on which the facts supporting
    the claim or claims could have been
    discovered through the exercise of due
    diligence.

  In this case Ramos' judgment became final on May 26, 2006.[2] At the latest, the Ramos was required to file a motion to vacate pursuant to § 2255 within one year from the time the judgment became final, or no later than May 25, 2007[3]. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986). Ramos did not file the motion until April 1, 2009. Thus the motion is filed nearly ten months after the expiration of the one year limitations period and is untimely.

  Ramos acknowledges that his motion is untimely but argues that the court has jurisdiction under its inherent authority to correct an illegal sentence. Ramos contention regarding the courts inherent

---

[2] Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The time for filing a direct appeal expires ten days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(I). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b)(6). On December 1, 2002, Fed.R.App.P. 26 which contains the rules on computing and extending time, was amended so that intermediate weekends and holidays are excluded from the time computation for all pleadings due in less than 11 days.

[3] If the court were to use the latest date on which his sentence was reduced, September 5, 2006, the limitations period would have expired on September 18, 2007.

authority to correct an illegal sentence is incorrect. While it is true that "[b]efore a 1987 amendment to Rule 35, the district court could correct an 'illegal sentence' at any time or 'a sentence imposed in an illegal manner' within 120 days of imposition." <u>McClure v. Ashcroft</u>, 335 F.3d 404, 413 (5th Cir.2003). However, the former Rule 35 is now applicable only to offenses committed prior to November 1, 1987. <u>See</u> Pub.L. No. 98-473, §§ 215, 235(a)(1), 98 Stat.2015-16, 2031-32 (1984), as amended by Pub.L. No. 99-217, § 4, 99 Stat. 1728 (1985); Pub.L. No. 100-182, § 22, 101 Stat. 1271 (1987). Since Ramos was convicted and sentenced in 2006, the former Rule 35 is not applicable to him and he must proceed under section 2255.

Since the motion was not filed within one year of the judgment becoming final, Ramos must establish grounds for filing late. Ramos has not raised any argument regarding the remaining triggering dates set out in § 2255. Thus his motion is untimely under the statute.

It would only be through equitable tolling that Ramos would be able to avoid the limitations period. Recently, the Supreme Court has held that the one-year limitations period is subject to equitable tolling in appropriate cases. <u>Holland v. Florida</u>, -- U.S. --, 130 S.Ct. 2549, 2010 WL 2346549 (2010). <u>See also</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)(holding that a petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing); <u>Helton v. Secretary for Dept. of Corrections</u>, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary

circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999).

As noted by the Supreme Court in Holland, the movant must show that he has exercised reasonable diligence and that extraordinary circumstances prevented him from timely filing this motion to vacate. Ramos had ample opportunity to file a timely § 2255 motion. He has not argued that he diligently sought relief, nor has he argued any extraordinary circumstances prevented him from filing. Since Ramos did not diligently seek appropriate relief, and there were no extraordinary circumstances beyond his control that prevented his filing of a timely claim, he cannot establish the he would be entitled to equitable tolling.

For the reasons discussed above, the motion is untimely.

### Procedural Bar

Ramos' claims are also procedurally barred as he failed to raise them at trial or on direct appeal. See United States v. Frady, 456 U.S. 152 (1982). In order to overcome this procedural default Ramos would have to establish cause and prejudice. Id. at 167. Ramos has not argued either ground, as he relies upon the court's inherent authority to correct an illegal sentence. Since Ramos has not established cause or prejudice his claim is procedurally barred as well as untimely.

### Discussion of Claims

Even if the court could reach the merits, Ramos is not entitled to relief on either claim. His first claim, that the court

7

lacked authority to impose a consecutive sentence for the firearm offense, has been rejected by the Eleventh Circuit. See United States v. Segarra, 582 F.3d 1269, 1272(11th Cir. 2009). In Segarra, 582 F.3d at 1272, the court held that the "except clause" of § 924(c) requires that the sentence imposed on a defendant for a conviction under § 924(c)(1)(A) must be imposed consecutively to any sentence for an underlying drug crime. In so doing, the court joined the majority of circuits to decide the issue. Id. at 1272. Thus, as found by the Eleventh Circuit, the court not only had the authority to impose a consecutive sentence, but was required to do so. This claim is therefore denied.

Ramos' second claim is also without merit. In Segarra the court found with regard to § 924(c), that "the plain language dictates consecutive sentences." Id. at 1273. The Supreme Court has also found that the "plain language of 18 U.S.C. § 924(c) forbids a federal district court to direct that a term of imprisonment under that statute run concurrently with any other term of imprisonment." United States v. Gonzales, 520 U.S. 1, 11 (1997). Thus, as found by both the Eleventh Circuit and the Supreme Court, there is no ambiguity or vagueness to be found in 18 U.S.C. § 924(c) and this claim is denied.

## Conclusion

It is therefore recommended that this motion to vacate sentence be denied and the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 4th day of March, 2011.

                                                  UNITED STATES MAGISTRATE JUDGE

cc: Angel Ramos, <u>Pro Se</u>
    Reg. No. 65647-004
    F.C.I. - Fairton
    Federal Correctional Institution
    P. O. Box 420
    Fairton, NJ 08320

    Kelly S. Karase, AUSA
    11200 NW 20th Street
    Miami, Florida 33172